## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

KEITH GROSS,

      Plaintiff,

v.

                                      Case No.  5:26-cv-21-MJF

PHILIP LETSOU,

      Defendant.

_____/

## ORDER

In his complaint, Plaintiff Keith Gross asserts that this court enjoys subject-matter jurisdiction by virtue of the parties' diverse citizenship. Doc. 1 ¶ 3. Plaintiff, however, has not pleaded sufficient facts for this court to so conclude. This court, therefore, will afford Plaintiff an opportunity to amend his complaint solely to address subject-matter jurisdiction.

### DISCUSSION

Because federal courts are courts of limited jurisdiction, a federal court cannot consider the merits of a case unless and until it is certain that is possesses subject-matter jurisdiction. *Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013). Federal courts must "inquire into subject

matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *see Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1279–80 (11th Cir. 2001).

For purposes of jurisdiction based on diversity of citizenship, "a natural person is a citizen of the state in which he is 'domiciled.'" *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021); *see McCormick v. Aderholt,* 293 F.3d 1254, 1257 (11th Cir. 2002) (noting that for purposes of diversity "citizenship is equivalent to 'domicile.'"). Domicile requires both residence in a state and "an intention to remain there indefinitely." *McCormick*, 293 F.3d at 1258 (internal quotation marks omitted). The party bearing the burden of establishing jurisdiction must allege both "residency in a state and an intent to remain in that state." *Smith*, 991 F.3d at 1149.

While "residency is necessary," it is insufficient "to establish a citizenship in a state." *Id.* (citing *Travaglio v. American Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013)). Without more, "an allegation that a party is a resident of a certain state is not a sufficient allegation of his citizenship in that state." *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir. 1971). A complaint, therefore, "must allege the citizenship,

not residence, of the natural" parties. *Molinos Valle Del Cibao, C. por A v. Lama*, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011).

Here, Plaintiff alleges that "Plaintiff is a Florida resident" and "Defendant is a resident of Washington D.C." Doc. 1 ¶¶ 1–2. This is insufficient to allege the citizenship of the parties. Plaintiff's conclusory assertion that "this action involves citizens of different states" also is insufficient.

Additionally, Plaintiff alleges that "Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331 . . . ." Doc. 1 ¶ 3. Presumably this is a typographical error and Plaintiff meant "28 U.S.C. § *1332*."

This court will afford Plaintiff an opportunity to address these issues in an amended complaint.

### CONCLUSION

For the reasons set forth above, it is **ORDERED:**

1.     On or before **July 30, 2026,** Plaintiff may file an amended complaint.

2.     Absent a motion to amend the complaint to address other issues, any amended complaint may deviate from the initial complaint

only with respect to allegations concerning subject-matter jurisdiction and the citizenship of the parties.

**SO ORDERED** on July 16, 2026.

/s/ *Michael J. Frank*

**Michael J. Frank**
**United States Magistrate Judge**